Judge Underwood,
delivered the opinion of the court.
It seems, that West, in July l8l7,cov- *470 enanted with Chambers and Depew, to pay them an nuallv, on the 18th of July, $200, in trust for the use of Eiizibeth West, unless he provided lor her during' the year next preceeding the 18th of July, in which event, he was not lo be charged (he $200, for that year. Chambers and Depew, as trustees, instituted this action to recover the $200, which became doeon the 18th of July, 1829. Their declaration contains all proper averments under the covenant to entitle them to the money for the year ending, on the 18th of July, 1829, and concludes, by assigninga breachin Us non-pay ment. West plead two pleas; 1st, covenants performed, and 2d, payment. Issues were formed on both pleas. Upon the trial, West olfered to prove, by M. Key, that De-pew in January, 1829, said that West had paid $300 more on the annuity bond, executed (o the plaintiffs, thanhad been credited, and directed Key to give West the credit on a judgment, which the plaintiff’s then had against West, obtained on said bond. Depew also g ive Key a letter to the same effect. Key communicated the matter to Cambers, the other trustee, who objected to his giving the credit, and it was not done. The letter delivered to Key was addressed to West, and informs him that Depew had authorized Key to give an additional credit of about $300 on the judgment obtained against him at the May term, 1821, being for the payments which Depew made to Mrs. West for West, the covenantor. The court rejected the testimony of Key and the letter of Depew, and would not suffer either.to go to the jury as evidence. We concur in opinion with the circuit court. They were foreign to the issues which the jury were sworn to try, and therefore inadmissible. Key’s testimony, and the letter, if at ail admissable, (when not sanctioned but opposed by Chambers) conduced to prove that the judgment of 1821, had been obtained for too much, and that West was entitled to a credU against that judgment; but did not prove in the smallest degree, that the averment had been complied with in respect to the breach assigned in the declaration, or that the $200, claimed in this action, had been paid. The different installments due on the annuity bond, may be compared to seperate obligations, from the same obligor, to the same obligee; when if, the obli-gee admits that the obligor is entitled to a credit on one of the bonds, such admission yyil.1. not prove that *471 the -other bond has been paid off. If West has paid the judgment opon which he was entitled tp credit, and in consequence has never received, and cannot now receive the credit for$300, upon that judgment, which Depe»v concedes he was entitled to; then that sum, if paid by him to Chambers and Depns, may be so much money had and received by them to his use, but cannot be regarded as a payment of the installment due in 1829. We need not now decide how far Depew could control the judgment of 1821, and allow credits upon it without the assent of Chambers, nor how far such trustees as Chambers and Depew were, could act seperateiy, and make their seperale acts jointly obligatory. It is probable that as joint obligees as well as trustees,a payment to either might discharge the obligor, but on tins point we do not intend to express an opinion, believing the court properly rejected the offered evidence, because it was irrelevant.
Ohliyor in an r'uumity bond ovt-T-juiys a jmiiimeot temlerbd against him (*<>£ the amount due in 1821, the surplus ?o over paid will not be regarded as a pay-mrnlof an instalment due on the bond iu 1039»
Hordixad Triplett,for plaintiff; Beatty, fordefendants.
Judgment affirmed, with costs.